SAMUEL ROOT & another, Administrators *vs.* ALVA STOW & others.

A. and B., in 1827, mortgaged land to C. and D. jointly, to secure one note made by A. and B. to C., and two notes made by them to C., which were signed by D. as their surety: D. paid these two notes, and afterwards, viz. in 1834, C. and D. brought an action on the mortgage, and recovered judgment for possession of the mortgaged lands, unless A. and B. should pay the amount on the other note: Execution issued on said judgment, but was never put into the hands of an officer, and C. never took possession of said lands: In 1840, D. recovered judgment, and took out execution thereon, against A. and B., for the amount of the two notes which he paid for them, as their surety; caused their right to redeem said lands to be sold on said execution; became the purchaser thereof, entered into possession of said lands, and had exclusive possession thereof more than three years: The note which was not signed by D., as surety, was never paid to C., and his administrators brought a bill in equity against D. for relief. *Held*, that C. and D. were tenants in common of the legal estate in said lands; that the court had jurisdiction in equity; that an account should be taken of the sum due on the unpaid note; that upon payment of such sum by D. to C.'s administrators, D. would be entitled to hold the mortgaged lands; and that if D. should not pay such sum to them, they would be entitled to a decree for the possession of said lands.

1 *

Root & another, Administrators *v.* Stow & others.

THE plaintiffs set forth, in a bill in equity, that they were administrators of the estate of Joel Root, late of Granville, to whom Rowland Bancroft and Joseph W. Bancroft, on the 24th of November 1827, made a deed of mortgage of two parcels of land, [described,] the condition of which deed was, that if said Rowland and Joseph W. should pay to said Joel their note of hand, of the same date, for $136, payable in one year from its date, with interest annually, and should also pay to said Joel their two notes of hand of the same date, signed by Alva Stow as their surety, for $136 each, one payable in two and the other in three years from their date, with interest annually, then said deed should be void; otherwise, to remain in force: That on the 7th of May 1832, the first of the aforesaid notes being unpaid, said Joel and Alva sued out a writ of entry against said Rowland and Joseph, to recover possession of said mortgaged lands; and at the April term, in 1834, of the supreme judicial court, held at Springfield, recovered the proper conditional judgment against the said Rowland and Joseph, and took out a writ of execution, which was never delivered to an officer for service; nor did said Joel ever take possession of said lands: That afterwards, on the 20th of July 1840, said Alva became the purchaser, under a sheriff's sale, of the right in equity of redeeming said lands, and then entered upon them, and has ever since had exclusive possession thereof: That said sale was made on an execution sued out by said Alva, on a judgment recovered by him against said Rowland and Joseph, for the sums paid by him, as their surety, on said two notes: That the plaintiffs, in the month of August 1843, demanded of said Alva possession of said lands, which he refused to give : and that said first mentioned note is still unpaid.

The bill then averred, that by virtue of said mortgage deed, by the terms of which the said Joel and Alva, their heirs and assigns, were grantees in common, and by virtue of the aforesaid judgment, the said Alva, though a tenant in common with said Joel, and though he had paid the two notes, on which he was surety for said Bancrofts, yet held his

moiety of the legal estate in said mortgaged lands, in trust for said Joel and his legal representatives, to secure payment of the note first mentioned in said mortgage deed, and ought to account with the plaintiffs for the rents and profits thereof; and that, by the purchase of said right in equity, and entering into possession of said lands, the said Alva acquired the right to redeem said mortgage, by payment of said last mentioned note.

The plaintiffs further alleged, in their bill, that they were entitled to a decree of foreclosure against said Alva, either as to a part or the whole of said mortgaged lands, unless he should pay said last mentioned note and interest; or to a decree that said Alva hold said lands in trust for the plaintiffs, and account to them for the rents and profits thereof, &c.

The prayer of the bill was, that a subpœna might issue against said Rowland Bancroft, Joseph W. Bancroft, and Alva Stow, that they might be held to answer the bill, and that the court would make such decrees as should secure to the plaintiffs their legal and equitable rights.

The *answer* of Alva Stow admitted the execution of the mortgage and of the notes, as alleged in the bill, but denied that the mortgage was executed and delivered by said Rowland and Joseph W. to said Joel alone, and averred that it was executed and delivered to said Stow and to said Joel, who were joint grantees in said deed, and for the security and benefit of both of them.

It was also averred in said Stow's answer, that the two last mentioned notes, which said Stow signed as surety, were long ago paid by him to said Joel, who therefore had no claim, under said mortgage, for securing those notes; that if the plaintiffs had any claim for satisfaction of the first mentioned note, such claim was only for part of said note, a part thereof having been paid to said Joel; that said Joel caused a suit to be commenced against said Rowland and Joseph W., before a justice of the peace, and on the 28th of February 1832, recovered judgment for the full amount of interest then due on said note, and that said judgment was satisfied.

The said Stow's answer also admitted the recovery of the conditional judgment, and the issuing of the execution, as alleged in the bill, but denied that the suit in which said judgment was recovered was commenced or prosecuted by his direction, advice or approbation, or for his benefit ; and he averred that he had good reason to believe that said judgment was satisfied, or that, if it was not satisfied, it was the fault of the said Joel, in withholding said execution from service, by means whereof he lost his remedy on said judgment.

The said Stow furthermore admitted, in his answer, that he purchased, at a sheriff's sale, the right in equity of redeeming said mortgaged lands, as alleged in the bill, and took possession of the parcel last described in said mortgage deed, and that he had long before, viz. on the 6th of January 1834, taken possession of the other parcel described in said deed, as mortgagee, and for the purpose of foreclosure under a prior mortgage, executed to him on the 2d of January 1826, by said Joseph W. Bancroft, who was then soı owner of said parcel ; and that he (said Stow) had contin ed in peaceable possession thereof ever since ; and that when he purchased said equity, as aforesaid, neither the said Rowland and Joseph W., nor the said Joel, had any right or interest in said parcel of land.

The answer denied that the plaintiffs demanded of him possession of the said mortgaged lands in August 1843, or at any other time.

No answer was filed, nor any appearance entered, by Row land and Joseph W. Bancroft, nor by either of them.

*R. A. Chapman*, for the plaintiffs.

*Boise*, for Alva Stow.

SHAW, C. J.    This is a bill in equity, brought by the complainants, as administrators of the estate of Joel Root, against Alva Stow, for an account, and for the adjustment of their respective rights in the mortgaged lands described in the bill. Rowland Bancroft and Joseph W. Bancroft, the original mortgagors, are joined as defendants, on the ground that they might still, perhaps, claim a right to redeem, though, *prima facie*, such right was forech sed by judgment and the lapse

of time ; but they have entered no appearance, and therefore, it is presumed, make no claim.

This is a somewhat involved and complicated case, the leading facts of which are stated in the case of *Root* v. *Bancroft*, 10 Met. 44, where it was intimated by the court that the plaintiffs' remedy was by bill in equity.

The mortgagors, Rowland and Joseph W. Bancroft, being out of the question, the lands mortgaged are to be held by the representatives of Joel Root, the original mortgagee, and the defendant Alva Stow, also an original mortgagee, and surety on two of the notes, according to their respective equitable rights.

We are of opinion that the court has jurisdiction in equity, both upon the ground that the original mortgagees were trustees for each other, and were tenants in common, and that, in regard to real estate held in mortgage, the administrator is the representative of the intestate. The original mortgage was made to Joel Root and Alva Stow, who took a defeasible estate in fee, as tenants in common ; but the condition was, to secure a debt to Root only. That debt, however, in fact, consisted of three notes, on two of which Stow was surety to Root. On the face of the mortgage deed, Stow took a moiety of the real estate, as tenant in common ; but having no beneficial interest in the condition, he was, *prima facie,* trustee of such moiety, in the first instance, for Root. Then, if Stow, by this deed, acquired any right, legal or equitable, to the mortgaged property, as security for the repayment to him of any sums which he, as surety on the two notes, might be held to pay — as we think he did — his condition, in relation to Root, could not be better than that of a second mortgagee. His claim must be subordinate to that of Root, and after Root had been paid in full. The condition was, to secure to Root the payment of all the notes. It was only after the mortgagors had failed to pay Root, and after Stow, as surety, had been obliged to pay Root, that Stow had any claim for security, or any equitable or beneficial interest. If the name of Stow had not been introduced into the first deed,

but the Bancrofts had made a second mortgage to Stow, conditioned to indemnify him against his suretyship to Root, the relation of Root and Stow would have been nearly similar; the claims of the latter being subordinate to those of the former.

But the fact, that these parties took the original mortgage to themselves and their respective heirs, makes them tenants in common of the realty; and this is another ground of equity jurisdiction. But further; being such tenants in common, no entry of the one, under a purchase of the equity of redemption, or under color of a judgment, or otherwise, would be deemed an ouster of the other; but, as between themselves, the entry enures to the benefit of both.

Understanding, by the facts, as we do, that the first note described in the mortgage has not been in fact paid, but that the two subsequent notes have been paid by the respondent Stow, as surety, for which he recovered judgment against the Bancrofts, and took their equity of redemption in satisfaction, the opinion of the court is, that an account of the amount due to the complainants, as administrators, on the first note, must be taken, upon payment of which amount the respondent Stow is entitled to hold the land; but that, unless the sum, thus found due, be paid within some short time to be limited by the decree of the court, the complainants will be entitled to a decree for the possession of the land.